IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § Criminal No. 3:18-CR-006-D(54) |
| VS. | § |
| | § |
| RENE SOLIS, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
AND ORDER

Defendant Rene Solis ("Solis") moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and for appointment of counsel. For the reasons that follow, the court denies the motions.[1]

I

Solis pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(C). On August 9, 2019 the court sentenced him to 135 months' imprisonment, to be followed by 2 years of supervised release. On May 26, 2022 Solis filed the instant motion for compassionate release

---

[1]The court will refer to Solis using male pronouns even though the government's response refers to Solis as "she" in some places and as "him" in others. The presentence report states that Solis' sex is "Male (transgender)," and the Bureau of Prisons website also classifies Solis as a male.

pursuant to 18 U.S.C. § 3582(c)(1)(A).[2]

II

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.[3] When deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Of course, it is now well settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d

---

[2]On June 23, 2022 the court entered an order directing the government to file a response to Solis' motion, and permitting Solis to file a reply to the government's response no later than August 22, 2022. The government filed its response on July 11, 2022. Solis has not filed a reply, and the motion is now ripe for a decision.

[3]Solis states that he submitted a request for compassionate release to the Warden of his institution on March 4, 2021, and that his request was denied on May 11, 2021. He attaches as an exhibit a copy of what appears to be his March 4, 2021 request for compassionate release and the May 11, 2021 denial of this request. Based on Solis' representations and supporting evidence, the court will assume *arguendo* that he has exhausted his administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A).

388, 393 (5th Cir. 2021). To be clear, the court does *not* consider itself to be bound by U.S.S.G. § 1B1.13 in deciding this § 3582(c)(1)(A) motion brought by a prisoner.

III

The court first considers whether extraordinary and compelling reasons warrant a sentence reduction.

In his motion,[4] Solis requests compassionate released based on "extraordinary and compelling reasons," D. Mot. 6, and cites in support the "attached 2 pages of [his] Request," *id.* at 5. The court assumes that Solis intends to refer to his March 4, 2021 "Inmate Request to Staff," in which he seeks compassionate release "due to the fact of the illness [he] endure[d] while in prison," which includes COVID-19, a stint in his heart, high blood pressure, and diabetes. *Id.* at 9.

In light of the court's decision below that, considering the § 3553(a) factors, Solis should not be released, it will assume *arguendo* that he has demonstrated extraordinary and compelling reasons that warrant a sentence reduction. *See, e.g.*, *United States v. Rudzavice*, 831 Fed. Appx. 731, 732 (5th Cir. 2020) (per curiam) (declining to decide whether risk of reinfection constituted extraordinary and compelling reason for compassionate release because district court did not abuse its discretion by concluding that defendant remained danger to safety of others and that his immediate release would not be in the interest of justice and would minimize the seriousness of his crimes).

---

[4]Solis' request for compassionate release is presented to the court through a standard form motion that a prisoner completes by answering prepared questions that the form poses.

IV

The court now considers the § 3553(a) factors. As noted, when deciding whether to modify a term of imprisonment, the court must "consider[] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see also Shkambi*, 993 F.3d at 393 ("The district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."). Under § 3553(a)(2), the court can consider such factors as "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant[.]" "[C]onsideration of the pertinent § 3553(a) factors functions as a reliable cross-check against (and can result in the veto of) the preliminary conclusion that there are extraordinary and compelling reasons to reduce [a defendant's] sentence." *United States v. Rainwater*, 2021 WL 1610153, at *3 (N.D. Tex. Apr. 26, 2021) (Fitzwater, J.).

The court considers the first two components of § 3553(a)(2) together. Solis is currently serving a 135-month sentence for conspiring to distribute a large amount of methamphetamine, a drug that is extremely deleterious to users and the community at large. He is not scheduled to be released until November 26, 2027. If the court grants Solis' motion, it will be ordering him released more than *five years* before he would otherwise be eligible. Not only would Solis' release not be in the interest of justice, it would minimize the seriousness of his crimes and would fail to afford adequate deterrence to this type of criminal

conduct. *See Chambliss*, 948 F.3d at 694 (holding that district court did not abuse its discretion in denying compassionate release on grounds that, *inter alia*, "requiring [defendant] to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct'").

Concerning the need to protect the public from future crimes, Solis neither argues nor provides any evidence that he is not a danger to the community. *See United States v. Crandle*, 2020 WL 2188865, at *3 (M.D. La. May 6, 2020) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release."). Moreover, the undersigned as the sentencing judge is aware of Solis' relevant offense conduct, and finds that he would pose a danger to the public if granted an early release. *See United States v. Keys*, 846 Fed. Appx. 275, 276 (5th Cir. 2021) (per curiam) (holding that district court did not abuse its discretion by relying on defendant's 30-year-old bank-robbery conviction when denying motion for compassionate release despite defendant's contention that his post-sentencing conduct showed he was no longer a danger to the public).

Weighing the pertinent § 3553(a) factors together, the court concludes that Solis' sentence should not be reduced under 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Samak*, 832 Fed. Appx. 330, 331 (5th Cir. 2020) (per curiam) (affirming denial of motion for compassionate release and holding that district court did not abuse its discretion when it "specifically cit[ed] the nature of [defendant's] offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct").

V

Solis also moves for the appointment of counsel. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Solis has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies his motion.

\*   \*   \*

Accordingly, for the reasons explained, the court denies Solis' motion for compassionate release and motion for appointed counsel.

**SO ORDERED**.

August 24, 2022.

SIDNEY A. FITZWATER
SENIOR JUDGE